**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE WASHINGTON SUN TO UNSEAL CERTAIN JUDICIAL RECORDS IN UNITED STATES V. TRAYON WHITE | Case No. 26-mc-148-RC |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**THE WASHINGTON SUN'S APPLICATION TO UNSEAL**

The Washington Sun ("The Sun") respectfully submits this supplemental reply in further support of its application to unseal certain judicial records in the criminal trial of D.C. Councilmember Trayon White, *United States v. Trayon White* ("*U.S. v. White*"), No. 24-cr-406-RC, and in response to Councilmember White's untimely opposition (ECF 9).

The Sun moved on October 15 to unseal documents relating to Councilmember Trayon White's potential assertion of an entrapment defense; the government's announced intent to introduce "predisposition" evidence to rebut that defense; and the transcript of the hearing held on this issue (together, the "Sealed Records"). The government timely responded to The Sun's application on October 20, stating that the government "takes no position on the application to unseal" and that "[t]he Defendant, as the proponent of the sealing, bears the burden 'to come forward with specific reasons why the record, or any part thereof, should remain under seal.'" *See* Gov't's Resp. (ECF 6) at 2. This Court then ordered Councilmember White to respond to The Sun's application by October 30, 2026. *See* Minute Order of Oct. 22, 2026, *U.S. v. White*. Councilmember White failed to do so, and The Sun filed a reply on November 3 asking the Court to consider The Sun's application unopposed. *See* ECF 7. On November 6, Councilmember White belatedly filed an opposition to The Sun's motion. *See* ECF 9. The Sun now respectfully submits this supplemental reply to briefly address Councilmember White's untimely opposition.

## ARGUMENT

Councilmember White's sole argument to support the continued sealing of presumptively public judicial records is that disclosure could possibly lead to "an even more prolonged jury selection process" in the event that he is re-tried. ECF 9 at 2. The argument defies precedent. As The Sun pointed out in its original Motion, "voir dire has long been recognized as an effective method of rooting out [any] bias" potentially caused by public exposure to the issues at hand. *In re NBC*, 653 F.2d 609, 617 (D.C. Cir. 1981). This principle is well-established in this Circuit and nationwide. *See, e.g.*, *In re Access to Video Exhibits*, 575 F. Supp. 3d 101, 112 (D.D.C. 2021) (Contreras, J.); *United States v. Trump*, 2024 WL 4520974, at *1 (D.D.C. Oct. 17, 2024); *United States v. Thompson*, 1989 WL 248625, at *2 (D.C. Cir. Oct. 13, 1989) (per curiam); *In re NBC*, 635 F.2d 945, 953-54 (2d Cir. 1980); *United States v. Criden*, 648 F.2d 814, 827-28 (3d Cir. 1981). Indeed, Councilmember White's own experience in the first trial supports that same principle: despite the "high-profile media coverage surrounding Mr. White's arrest and prosecution," ECF 9 at 2, this Court has already proven that it is able to seat a jury through rigorous voir dire.

"On the other side of the scale," Councilmember White contends that "there is no public need for the sealed documents" because "[n]othing in those documents was admitted at trial as evidence of guilt or innocence or used for cross examination." ECF 9 at 3. That argument ignores the significant public interest in understanding each part of a criminal trial. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571-72, (1980) ("To work effectively, it is important that society's criminal process 'satisfy the appearance of justice,' and the appearance of justice can best be provided by allowing people to observe it." (quoting *Offutt v. United States*, 348 U.S. 11, 14 (1954))). That public interest is all the greater in a trial involving charges against a government official, where both the prosecution *and* the defendant are ultimately answerable to the public.

## CONCLUSION

For the foregoing reasons and those set forth in its initial brief, The Sun respectfully requests that the Court order the Sealed Records be unsealed and placed on the public docket.

Dated: November 11, 2026

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Maxwell S. Mishkin*

Maxwell S. Mishkin (#1031356)
Maya D. Gandhi (#NY0584)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
mishkinm@ballardspahr.com
gandhim@ballardspahr.com

*Counsel for The Washington Sun*